PREET BHARARA
United States Attorney for the
Southern District of New York
By: CRISTINE IRVIN PHILLIPS
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2696
Fax: (212) 637-2702
E-mail: cristine.phillips@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOWARD THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 12 Civ. 9040 (CM) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER OF DEFENDANT UNITED STATES OF AMERICA

Defendant United States of America (the "United States" or "Defendant"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, hereby answers the Amended Complaint (the "Complaint") filed by Plaintiff Howard Thomas ("Plaintiff"), in the following numbered paragraphs, which correspond to the Complaint's numbered paragraphs.[1]

---

[1] It is anticipated that the undersigned counsel also will represent the individually named defendants in this action, but Plaintiff only recently effected service upon those defendants and authority for their representation has not yet been granted. On information and belief, the individual defendants' responses to the Complaint will be due, at the earliest, on May 6, 2013, i.e., 60 days from the date Plaintiff sent the individual defendants requests for waiver of service. *See* Fed. R. Civ. P. 4(d)(3); *see also* Fed. R. Civ. P. 12(a)(3).

1. This paragraph sets forth Plaintiff's characterization of this action and legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff, as of the date of the filing of this lawsuit, is a United States citizen, but denies the remaining allegations in this paragraph.

2. This paragraph consists of Plaintiff's characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff was arrested and detained by United States Immigration and Customs Enforcement ("ICE") from May 29, 2009 to October 4, 2010, and that Plaintiff's removal proceedings were terminated on May 24, 2011.  Defendant denies the remaining allegations in this paragraph.

3. This paragraph sets forth Plaintiff's characterization of this action and legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## JURISDICTION AND VENUE

4. Defendant admits the statements in this paragraph.

5. Defendant admits that Plaintiff exhausted his administrative remedies.

6. Defendant admits the statements in this paragraph.

## JURY TRIAL DEMAND

7. This paragraph consists of Plaintiff's jury trial demand, to which no response is required.

## PARTIES

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Defendant admits the statements in this paragraph.

10.     Defendant admits that at various times during the events described in Plaintiff's complaint, Jerome White, Jr., Judith Almodovar, Johnny Luna, Deborah Achim, Michael J. Pitts, Janie Martinez, Howard Bergendahl, Carlos Tapia, and Brian A. Nicklaw were employees of the United States Department of Homeland Security.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## FACTUAL ALLEGATIONS

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second sentence consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in the second sentence.

14.     Defendant admits that Plaintiff was arrested and placed into removal proceedings on May 29, 2009.  Defendant also admits that previous removal proceedings against Plaintiff were terminated by joint motion on September 12, 1994.  Defendant denies the remaining allegations in this paragraph.

15.     Defendant denies the allegations in this paragraph.

16.     This paragraph consists of Plaintiff's characterization of documents, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

17. Defendant admits that Plaintiff was released from ICE detention on October 4, 2010. Defendant denies the remaining allegations in this paragraph.

18. Defendant admits the statements in this paragraph.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in this paragraph.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's mother in this paragraph. Defendant admits the remaining allegations in this paragraph.

21. Defendant denies the allegations in this paragraph.

22. This paragraph consists of Plaintiff's characterization of documents to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in this paragraph.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in this paragraph.

25. The allegations in this paragraph consist of Plaintiff's characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

26. The allegations in this paragraph consist of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

27. Defendant admits the allegations in this paragraph.

28. Defendant admits the allegations in this paragraph.

29. Defendant admits the allegations in this paragraph.

30. This paragraph consists of Plaintiff's characterization of, and quotation from, a document, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

31. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

32. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

33. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

34. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

35. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

36. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## CAUSE OF ACTION

37. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

38. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

39. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

40. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

41. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

42. Defendant admits the allegations in this paragraph.

43. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

44. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

45. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

46. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

47. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

48. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

49. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

50. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

51. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

52. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

53. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

54. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

55. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

56. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

57. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

58. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

59. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

60. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

61. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

62. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

63. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

64. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## **REQUEST FOR RELIEF**

The remaining paragraphs of the complaint concern Plaintiff's requested relief and thus no response is required. To the extent a response is required, Defendant denies the allegations and avers that Plaintiff is not entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

The United States has not waived its sovereign immunity with respect to one or more of Plaintiff's claims asserted under the Federal Tort Claims Act ("FTCA"); accordingly the Court lacks subject matter jurisdiction to hear the claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the discretionary function exception to the FTCA applies.  *See* 28 U.S.C. § 2680(a).

## FOURTH AFFIRMATIVE DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times and any injuries sustained by Plaintiff were sustained without any negligence or want of due care by the United States.

## FIFTH AFFIRMATIVE DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by any negligent or wrongful act or omission of the United States or any employee or agent of the United States.

## SIXTH AFFIRMATIVE DEFENSE

The negligence or other culpable conduct of Plaintiff contributed to causing the Plaintiff's injury, and any recovery must be proportionately reduced.  *See* N.Y. C.P.L.R. § 1411.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, must be proportionately reduced due to Plaintiff's failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

In the event that the injuries and damages were sustained in the manner set forth in the complaint, which allegation the United States denies, such damages are attributable, in whole or in part, to the negligence and culpable conduct of third parties over which the United States has no control.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, is limited by N.Y.C.P.L.R. § 1601(1).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a jury trial with respect to claims brought under the Federal Tort Claims Act.  See 28 U.S.C. § 2402.

**ELEVENTH AFFIRMATIVE DEFENSE**

Payment of any judgment under the Federal Tort Claims Act is subject to the availability of appropriated funds, pursuant to 42 U.S.C. § 233(k).

**TWELFTH AFFIRMATIVE DEFENSE**

The Government is not liable for interest prior to judgment or for punitive or special damages under the Federal Tort Claims Act.  See 28 U.S.C. § 2674.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, for his claim pursuant to the Federal Tort Claims Act is limited to the amount Plaintiff claimed in the administrative claim he submitted to the United States Department of Homeland Security.  See 28 U.S.C. § 2675(b).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim regarding alleged violations of the New York State Constitution must be dismissed because Defendants did not violate Plaintiff's constitutional rights.

WHEREFORE, Defendant prays that:

1. The Complaint be dismissed with prejudice, with costs to Defendant;

2. Plaintiff take nothing by this action; and

3. The Court grant such other and further relief as it deems just and proper,

including costs and disbursements.

Dated:   New York, New York
         May 13, 2013

                     Respectfully submitted,

                     PREET BHARARA
                     United States Attorney for the
                     Southern District of New York
                     *Attorney for United States of America*

            By:   s/ Cristine Irvin Phillips
                     CRISTINE IRVIN PHILLIPS
                     Assistant United States Attorney
                     86 Chambers Street, 3rd Floor
                     New York, New York 10007
                     Telephone: (212) 637-2696
                     Facsimile:  (212) 637-2702
                     E-mail:  cristine.phillips@usdoj.gov

TO:

Jeffrey Rothman, Esq.
315 Broadway, Suite 200
New York, NY 10007
Tel: (212) 227-2980
Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com
*Attorney for Plaintiff*